GIN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **CHARESE BELL,**<br><br>  Plaintiff,<br><br>v.<br><br>**GENESIS EMS, INC.**,<br><br>  Defendant. | Civil Action No. 7:13-CV-84 (HL) |

**ORDER**

This case is before the Court on Defendant's Motion for Summary Judgment. (Doc. 21). After reviewing the pleadings, briefs, affidavits, and other evidentiary materials presented, and determining that there is no genuine dispute of the material facts, the Court finds that Defendant is entitled to judgment as a matter of law and grants Defendant's motion.

**I.   BACKGROUND**

Plaintiff initiated this action against Defendant Genesis EMS, Inc., her former employer, on June 14, 2013, alleging that she was the victim of gender and pregnancy discrimination. Defendant filed its first Motion to Dismiss (Doc. 4) on July 16, 2013. Defendant there argued that Plaintiff's claims should be dismissed because she failed to exhaust her administrative remedies, namely that she did not file a timely charge with the Equal Employment Opportunity Commission ("EEOC"). Upon review of Defendant's motion and Plaintiff's

corresponding response, the Court determined that the best course of action would be to permit the parties to engage in limited discovery relating solely to whether Plaintiff effectively availed herself of the EEOC's administrative process. The Court accordingly denied Defendant's motion without prejudice and ordered the parties to conduct discovery. (Doc. 16).

Defendant filed a renewed Motion to Dismiss on October 21, 2013. (Doc. 17). The Court entered an Order (Doc. 20) on January 1, 2014, notifying the parties that the Court deemed it appropriate to convert Defendant's Renewed Motion to Dismiss into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). Defendant thereafter filed a Motion for Summary Judgment (Doc. 21) on January 28, 2014. That motion is now before the Court.

## II. FACTS

Plaintiff began working for Defendant on February 18, 2009, as an Emergency Medical Technician. (Compl. ¶ 6; Docs. 22-4, p. 19; 22-8). On July 5, 2011, Plaintiff notified Jeff Barnwell, an owner of Defendant corporation,[1] that she was pregnant. (Docs. 22-4, p. 19; 22-8). Plaintiff alleged Jeff Barnwell commented that "it didn't look professional for a pregnant woman to work EMS." (Doc. 22-8, p. 2). Thomas "Mike" Barnwell, the co-owner of Defendant corporation and Plaintiff's supervisor, instructed Plaintiff on October 18, 2011, to

---

[1] Plaintiff identifies Jeff Barnwell as the owner of the company in her Charge of Discrimination. (Doc. 22-4, p. 19). Plaintiff identifies Thomas Barnwell as the owner in her Intake Questionnaire. (Doc. 22-8). For the purposes of this order, the Court will assume that these two gentlemen are co-owners.

obtain lifting restrictions from her doctor. (PSOMF ¶ 29; Compl. ¶ 8; Docs. 11-1, ¶ 2; 22-8).[2] Plaintiff's doctor advised her to lift no more than fifteen pounds. (PSOMF ¶ 30; Compl. ¶ 9; Docs. 11-1, ¶ 3; 22-8). Based on the restrictions imposed by Plaintiff's doctor, Defendant informed Plaintiff that the company had no work for her to perform. (PSOMF ¶ 30; Compl. ¶ 9; Doc. 11-1, ¶ 3). Plaintiff thereafter applied for and was awarded unemployed benefits from the Georgia Department of Labor effective October 23, 2011. (PSOMF ¶ 33).

Sometime in early April 2012, Plaintiff alleges she contacted the EEOC through the agency's online assessment system to initiate the complaint process. (Doc. 11-1, ¶ 7). Plaintiff concedes that she can produce no evidence of any online submission to the EEOC. (PSOMF, p. 7 n. 2; DSOMF ¶ 13). Plaintiff further admits that the EEOC's website contains an online assessment tool and that completion of that assessment is not equivalent to filing a charge of discrimination. (DSOMF ¶¶ 14, 17-18, 20).

On April 23, 2012, Plaintiff called Defendant to say that she was "ready, willing, and able to return to employment." (PSOMF ¶ 35-36; Doc. 11-1, ¶ 9). Defendant told Plaintiff that she would be required to reapply for her position. (PSOMF ¶ 35; Doc. 11-1, ¶ 9). If she chose to reapply and was hired for the

---

[2] "PSOMF" refers to Plaintiff's Statement of Material Facts. The cited paragraphs are those admitted by Defendant. "DSOMF" refers to Defendant's Statement of Material Facts. The cited paragraphs are those admitted by Plaintiff.

position, Plaintiff would lose her seniority within the company as related to rate of pay and available work shifts. (PSOMF ¶ 36; Doc. 11-1, ¶ 9).

Plaintiff completed an EEOC Intake Questionnaire on April 25, 2012. (Doc. 22-8). In her questionnaire, Plaintiff lists two instances when she believed Defendant discriminated against her. (Doc. 22-8, p. 2). First, Plaintiff states that on July 5, 2011, Jeff Barnwell told her that "it didn't look professional for a pregnant woman to work EMS." (Doc. 22-8, p. 2). Then, on October 18, 2011, Mike Barnwell informed her that Defendant had no work she could perform with the lifting restrictions imposed by Plaintiff's doctor during her pregnancy. (DSOMF ¶ 23; Doc. 22-8, p. 2-3). Plaintiff alleged that Defendant discharged her effective October 18, 2011. (DSOMF ¶ 23; Doc. 22-8, p. 1). Plaintiff did not address her April 23, 2012 conversation with Defendant. (DSOMF ¶23). She then checked Box 2 on the final page of the questionnaire, stating that she wished to file a charge of discrimination and that she authorized the EEOC to investigate the discriminatory conduct alleged. (DSOMF ¶ 24; PSOMF ¶¶ 40-41; Doc. 22-8, p. 4). The EEOC received Plaintiff's completed questionnaire on May 17, 2012. (PSOMF ¶ 43; Doc. 22-8).

On May 18, 2012, the EEOC issued a Notice of Charge of Discrimination to Defendant, notifying Defendant that Plaintiff filed a charge alleging Defendant violated her rights under Title VII of the Civil Rights Act and indicating that no action was required at that time. (PSOMF ¶ 45; Doc 22-4, p. 17). The EEOC then

4

sent Plaintiff a Charge of Discrimination containing the following information:

> I. I began working for the above employer in February 18, 2009, as an Emergency Medical Technician. On July 15, 2011, I informed Jeff Bainwell [sic], Owner, that I was pregnant. On October 18, 2011, I was discharged.
>
> II. I was told by Mr. Bainwell [sic] that I was discharged due to a lack of work.
>
> III. I believe I have been discriminated against because of my sex (female due to pregnancy), in violation of Title VII of the Civil Rights Act of 1964, as amended.

(DSOMF ¶ 1; PSOMF ¶ 47; Doc. 22-4, p. 19). Plaintiff signed this form on June 11, 2012, declaring under penalty of perjury that the information contained in the charge was true and correct. (DSOMF ¶ 3; PSOMF ¶ 48; Doc. 22-4, p. 19). The EEOC filed-stamped the charge as received by the agency on June 21, 2012. (DSOMF ¶ 5; PSOMF ¶ 49; Doc. 22-4, p. 19). The agency forwarded a copy of Plaintiff's formal charge to Defendant along with a second Notice of Charge of Discrimination on July 9, 2012. (PSOMF ¶ 53; Doc. 22-4, p. 4).

Plaintiff alleges that between June 2012 and October 2012 she engaged in multiple communications with an EEOC agent. (Doc. 11-1, ¶ 12). She further avers that she faxed additional written statements to the EEOC in May 2012 (Docs. 11-1, ¶ 10; 11-1, p. 6) and October 2012 (Docs. 11-1, ¶13; 11-1, p. 7). Both of these documents purport to describe the April 23, 2012 conversation during which Defendant allegedly told Plaintiff she would have to reapply for her position. Neither document is dated, signed under oath, or notarized.

Additionally, the documents contain no file-stamp or other indicator of if or when the EEOC received them.

The EEOC dismissed Plaintiff's charge as untimely on March 20, 2013, and advised Plaintiff of her Notice of Suit Rights. (Doc. 22-2). Plaintiff filed her Complaint with this Court on June 14, 2013, alleging that Defendant discriminated against her on the basis of her gender and pregnancy in violation of 42 U.S.C. § 2000e et seq.

### III. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted)). The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249–50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Trial Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted).

## IV.  ANALYSIS

Plaintiff alleges that Defendant subjected her to discrimination based on her gender and pregnancy in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"). Because the undisputed material facts reveal that Plaintiff failed to exhaust her administrative remedies, Defendant is entitled to summary judgment.

A plaintiff proceeding under Title VII must comply with the procedural requirements enumerated in the statute, including the duty to exhaust administrative remedies as a prerequisite to filing suit. 42 U.S.C. § 2000e-5; H & R Block E. Enters., Inc. v. Morris, 606 F.3d 1285, 1295 (11th Cir. 2010). "Failure to file a timely charge with the EEOC results in a bar of the claims contained in the untimely charge." Jordan v. City of Montgomery, 283 F.App'x 766, 767 (11th Cir. 2008). In Georgia, a non-deferral state, a discrimination charge must be filed "within 180 days of the last discriminatory act." 42 U.S.C. § 2000e-5(e)(1); H & R Block, 606 F.3d at 1295. "The point of the time limitation is to encourage a potential charging party to raise a discrimination claim before it gets stale, for the sake of a reliable result and a speedy end to any illegal activity that proves out." Edelman v. Lynchburg College, 535 U.S. 106, 112-13 (2002).

Courts are "'extremely reluctant to allow procedural technicalities to bar'" claims raised under Title VII. Gregory v. Ga. Dept. of Human Res., 355 F.3d 1277, 1280 (11th Cir. 2004) (citing Sanchez v. Standard Brands, Inc., 431 F.2d 455. 460-61 (5th Cir. 1970)). Accordingly, there are circumstances that permit an equitable tolling of the timing requirements for filing a charge, such as where there is evidence that the EEOC mislead a complaining party about the nature of her rights under Title VII. See Chappell v. EMCO, 601 F.2d 1295 (5th Cir. 1979). However, "the courts have also noted that modifying the filing requirements because a complainant did not have knowledge of the time requirements

'contravenes the normal rule that "ignorance of legal rights or failure to seek legal advice does not toll the statute."'" Richardson v. JM Smith Corp., 473 F. Supp. 2d 1317, 1329 (M.D. Ga. 2007) (citing Kazanzas v. Walt Disney World Co., 704 F.2d 1527, 1530 (11th Cir. 1983).

Plaintiff here did not file a timely charge of discrimination. While Plaintiff argues that the last discriminatory act occurred on April 23, 2012, when Defendant told her that she would have to reapply for her position, and that her June 24, 2012 Charge of Discrimination is therefore timely, the evidence does not support that conclusion. The record reflects that Plaintiff first contacted the EEOC on May 17, 2012, the date she filed her Intake Questionnaire.[3] In her questionnaire, Plaintiff lists October 18, 2011, the date Defendant informed her that no work was available to accommodate the lifting instructions imposed by her doctor during her pregnancy, as the date of her discharge. That date appears three times in the course of the questionnaire: in response to the date of quit or discharge; as an explanation of the action Plaintiff believed to be discriminatory; and as the date Plaintiff purportedly requested an accommodation. Plaintiff asserted October 18, 2011 as the date of her discharge a fourth time in her

---

[3] In the course of these proceedings, Plaintiff claimed that she filed an online charge of discrimination with the EEOC in early April 2012. Plaintiff now concedes that she can provide no evidence of the online submission and that the EEOC's website provides only an assessment tool and does not permit the online filing of a charge.

formal Charge of Discrimination, which she signed under penalty of perjury on June 11, 2012, and filed with the EEOC on June 21, 2012.

In order to properly exhaust her administrative remedies, Plaintiff must show that she filed her charge of discrimination within 180 days of the last discriminatory act. By Plaintiff's own repeated admission, October 18, 2011 is the date from which the statutory time clock must start running. Accordingly, Plaintiff had to file her charge on or before April 16, 2012. The record contains no evidence that Plaintiff met this deadline. Rather, the undisputed evidence is that Plaintiff filed her charge on June 21, 2012, sixty-six days too late.

While 42 U.S.C. § 2000e-5(e)(1) provides that a complainant must file a charge within 180 days, the term "charge" has no statutory definition, and "a wide range of documents might be classified as charges." Federal Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008); see also 29 C.F.R. § 1601.12. In order to fulfil the statutory guidelines of a charge, the aggrieved party must present information that can "be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." Holowecki, 552 U.S. at 402. Plaintiff here asks the Court to interpret her Intake Questionnaire as a charge. However, the Court need not conduct that analysis. The EEOC considers a charge filed on the date received by the agency. 29 C.F.R. § 1601.13(a). In this case, the

10

agency stamped Plaintiff's Intake Questionnaire as filed on May 17, 2012, thirty-one days after the filing deadline.

In a final attempt to save her claim, Plaintiff alleges that the last discriminatory event occurred on April 23, 2012, which would make her June 21, 2012 charge timely. April 23rd is the date Plaintiff contacted Defendant to announce she was ready to return to work. Defendant responded by saying that Plaintiff would have to reapply for her position and lose her seniority status. The fatal flaw in Plaintiff's argument that the April event triggered the 180 clock is that Plaintiff included allegations of that interaction nowhere in the documents received by the EEOC. Plaintiff signed her Intake Questionnaire on April 25, 2012, two days after her purported conversation with Defendant, yet she makes no mention of the event in that document. Nor does her formal charge document, signed on June 11, 2012 and filed on June 21, 2012, contain any reference to the events of April 23rd.

Plaintiff had the opportunity to amend her charge to include the April 23, 2012 event but failed to do so. "The general practice of EEOC staff members is to prepare a formal charge of discrimination for the complainant to review and verify, once the allegations have been clarified." Edelman, 535 U.S. 106, 115 n. 9. It is incumbent upon the person making the charge to review the information for accuracy and to make any necessary changes. See Novitsky v. American Consulting Eng'rs, L.L.C., 196 F.3d 699 (7th Cir. 1999); Richardson, 473 F.

11

Supp. 2d 1317. The regulations also permit the complainant to amend the charge "to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein." 29 C.F.R. § 1601.12(5)(b).

The charge prepared by the EEOC in this case states clearly that Plaintiff was discharged on October 18, 2011. The form makes no reference to April 23, 2012. The agency sent the completed charge form to Plaintiff to review and sign. Plaintiff then signed the form on June 11, 2012, declaring under penalty of perjury that the information set forth therein was true and correct. Plaintiff claims that she faxed two statements to Defendants that outline what transpired between her and Defendant in April 2012, one in May 2012 and one in October 2012, and that she intended for that information to be included in her charge. However, there is no evidence that the EEOC ever received these submissions. Further, if Plaintiff intended for that information to be included in her charge, she should have taken steps to ensure that the proper language appeared in the charge prior to signing and returning the charge form to the EEOC for filing. Accordingly, Plaintiff's claim that she properly exhausted her administrative remedies must fail as a matter of law.

## V.     CONCLUSION

For the foregoing reasons, the Court grants Defendant's Motion for Summary Judgment. (Doc. 21). The Clerk of Court is directed to enter judgment in favor of Defendant and to close this case.

**SO ORDERED**, this 17th day of July, 2014.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks